IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| CLIFTON SCROGGIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 5:25-CV-057-BV |
| | § | |
| KELLY ROWE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Clifton Scroggin filed this action under 42 U.S.C § 1983 while incarcerated at the Lubbock County Detention Center (LCDC). Dkt. No. 1. Scroggin has not consented to proceed before a magistrate judge, so the undersigned makes these findings, conclusions, and recommendation in accordance with the order of transfer. Because Scroggin has violated court orders by not paying his filing fee and not providing a current mailing address, the undersigned recommends the United States District Judge dismiss this action under Federal Rule of Civil Procedure 41(b).

**1.    Factual Background**

Scroggin was granted leave to proceed *in forma pauperis* (IFP), and this action was transferred to the undersigned magistrate judge to conduct preliminary screening under the Prison Litigation Reform Act (PLRA). Dkt. Nos. 7, 8.[1] The Court did not assess an initial partial filing fee and Scroggin to pay the full fee in monthly installments drawn from his inmate trust account. *Id.* The Court further advised Scroggin of his

obligation to "promptly notify" it "of any change of address by filing a written notice" and that "[f]ailure to file this notice may result in this case being dismissed for want of prosecution." *Id.* at 2 ¶ 8.

During the Court's preliminary screening, Scroggin filed a notice of change of address showing he was no longer in a jail or prison facility. Dkt. No. 13; *see also* Dkt. No. 14 (showing release from LCDC to the public effective May 21, 2025). Because Scroggin was no longer in custody, the Court ordered him to pay the full $350.00 filing fee by June 26, 2025. Dkt. No. 15. That order cautioned Scroggin that "if [he] fails to timely pay the remaining balance, this action will be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) without further notice." *Id.* at 2. That order was returned as undeliverable, despite having been mailed to the address Scoggin provided. Dkt. No. 16.

Over a month later, Scroggin notified the Court of another address change, but he still did not pay the filing fee. Dkt. No. 17. The Court then issued another order requiring him to pay the fee and warning him of case dismissal if he did not. Dkt. No. 18. But again, the mail was returned as undeliverable, even though it was sent to the second updated address Scoggin provided. Dkt. No. 19. As of the date of this recommendation, Scroggin has not paid the filing fee, provided a current address where he can receive mail, or otherwise communicated with the Court.

**2.    The PLRA and Involuntary Dismissal**

The PLRA requires all prisoners who bring a civil suit to prepay the full filing fee in some form. *See* 28 U.S.C. § 1915(b)(1); *Gay v. Tex. Dep't of Corr. State Jail Div.*,

2

117 F.3d 240, 242 (5th Cir. 1997) (citing § 1915(b)(2)). A prisoner who is granted leave to proceed IFP must pay the fee but is allowed to do so in installments that are withdrawn from his inmate trust account by the prison facility and forwarded to the Court. *See* Dkt. No. 7. The provision of the PLRA that allows for payment by installments applies only while the prisoner is in custody. *See* § 1915(b)(2). After release, "withdrawal of funds from an inmate trust account, pursuant to 28 U.S.C. § 1915(b) and as envisioned in the Court's [PLRA Filing Fee Order], is no longer an option." *Mabry v. TDCJ*, No. 4:10-cv-520, 2013 WL 4522684, at *1 (E.D. Tex. Aug. 23, 2013). But release from custody does not relieve the prisoner of paying the fee, which arose the moment he filed suit. *Gay*, 117 F.3d at 242 n.3.

When a plaintiff fails to comply with court orders—including those requiring address updates or payment of court fees—"[a] district court may dismiss an action for failure of a plaintiff to prosecute or to comply" with the orders. *McCollough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam). The court may exercise this authority *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

The Court twice ordered Scroggin to pay the filing fee after his release from custody and repeatedly warned him that failure to do so would result in dismissal of this action. Courts routinely dismiss cases when plaintiffs fail to pay the required filing fee

3

after being released from custody. *See, e.g., Fulco v. Kaufman Cnty. Sheriff's Dep't*, No. 3:24-cv-3076-B (BT), 2025 WL 848487, at *2 (N.D. Tex. Feb. 24, 2025) ("Because [former prisoner] failed to comply with an order that he pay the remainder of the filing fee as required by the PLRA, his case should be dismissed."), *R. & R. adopted by* 2025 WL 847876 (N.D. Tex. Mar. 17, 2025); *Surber v. Dall. Cnty. Sheriff's Off.*, No. 3:21-cv-2885-X-BH, 2022 WL 18717540, at *1–2 (N.D. Tex. Aug. 15, 2022) (concluding prisoner's case was subject to involuntary dismissal under Rule 41(b) after he failed to pay the full filing fee as ordered upon his release from prison), *R. & R. adopted by* 2023 WL 2026639 (N.D. Tex. Feb. 15, 2023). Because Scroggin has violated court orders by not paying the filing fee, the undersigned recommends the district judge dismiss this case without prejudice.

While Scroggin's failure to pay the filing fee alone warrants dismissal, his failure to provide a current address where he can receive mail is an additional reason to dismiss this case. *See, e.g., Williams v. Kemp*, No. 3:21-cv-00105-N (BT), 2021 WL 3024856, at *1 (N.D. Tex. June 4, 2021) (recommending dismissal after mail was returned as undeliverable because plaintiff "failed to keep the Court apprised of his current address"), *R. & R. adopted by* 2021 WL 3023009 (N.D. Tex. July 16, 2021); *Shuemake v. Hillhouse*, No. 6:18-cv-349, 2021 WL 3044433, at *1 (E.D. Tex. July 2, 2021) ("It is well-settled that a Plaintiff has an ongoing obligation and responsibility to inform the Court [of] his whereabouts through a current mailing address."), *R. & R. adopted by* 2021 WL 3032725 (E.D. Tex. July 19, 2021).

4

In sum, because Scroggin has failed to pay the filing fee and has not provided the Court with a current address, this case should be dismissed for want of prosecution.

### 3. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Judge dismiss Scroggin's complaint without prejudice for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

### 4. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November 12, 2025

_____
AMANDA 'AMY' R. BURCH
**UNITED STATES MAGISTRATE JUDGE**